**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELVIN A. BOSARREYES, | No. 09-70563 |
| Petitioner, | Agency No. A075-647-534 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Melvin A. Bosarreyes, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals order dismissing his appeal from an

immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review de novo constitutional questions and questions of law, *Khan v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and we deny in part, and dismiss in part, the petition for review.

Bosarreyes' contention that he is eligible for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA") is unavailing because the Child Status Protection Act does not apply to NACARA applications. *See* Pub.L. No. 107-208, 116 Stat. 927 (2002); *see also* 8 C.F.R. § 1240.61(a)(4), (5) (requiring that derivative NACARA beneficiary be a "child" at the time decision is made to cancel removal of parent or, if derivative beneficiary is over age twenty-one, that derivative beneficiary personally satisfy NACARA's entry date requirement).

Bosarreyes' contention that the agency violated his due process rights is also unavailing. *See Vides-Vides v. INS*, 783 F.2d 1463, 1469 (9th Cir. 1986) (new IJ's failure to expressly state that he had familiarized himself with the record in the case, as required by regulation, was harmless error); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring a showing of prejudice for a petitioner to prevail on a due process claim).

Bosarreyes' contention that the agency applied an incorrect hardship standard to his application for cancellation of removal under 8 U.S.C. § 1229b(b) is not supported by the record. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980

(9th Cir. 2009); *cf. Figueroa v. Mukasey*, 543 F.3d 487, 497-98 (9th Cir. 2008). We lack jurisdiction to review agency's discretionary determination that Bosarreyes failed to demonstrate his removal would result in "exceptional and extremely unusual hardship" to his qualifying relatives. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**